UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KYNDRA KAPPESSER,<br><br>  Plaintiff,<br>  v.<br><br>NORTHWEST TREATMENT SERVICES INC,<br><br>  Defendants. | Case No. C21-5590 TLF<br><br>ORDER |

This matter comes before the Court on defendant's motion to compel discovery. Dkt. 33. Specifically, defendant seeks plaintiff's state and federal tax returns. Plaintiff objected to defendant's request on the grounds that it was overly broad in time and scope, and irrelevant because plaintiff is not claiming lost wages. *Id.* at 2.

Plaintiff asserts claims for violations of Washington's Health Care Act, Medicaid Fraud False Claims Act, and wrongful discharge. Dkt. 1. Pursuant to plaintiff's responses to defendant's requests for production, plaintiff is not seeking lost wages. Dkt. 38-1 at 1-2.

Defendant nonetheless argues that plaintiff's tax returns are relevant for plaintiff's request for emotional distress damages. Because plaintiff is allegedly earning more money with their new employer after being terminated, defendant asserts the tax records are relevant to the issue of whether plaintiff has suffered emotional distress.

ORDER - 1

Plaintiff argues the fact that plaintiff may be earning more money with their new employer should be of no consequence to their emotional distress claim against defendant – their prior employer. The Court agrees.

Fed. R. Civ. P. 26 (b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Tax returns do not enjoy an absolute privilege from discovery. Nevertheless, a public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns." *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) (internal citations omitted). An order compelling production of plaintiff's tax returns may be issued if they are relevant and when there is a compelling need for them because the information sought is not otherwise available. *See Aliotti v. Vessel SENORA*, 217 F.R.D. 496, 497-98 (N.D. Cal. 2003).

Defendant has not shown the wage information in plaintiff's tax returns is relevant, and not privileged.

Plaintiff has not placed lost earnings in controversy. Defendant relies on *Besco v. City of Longview,* No. 2016 WL 1077366 (W.D. Was. Mar. 18, 2016) to support its argument that the Court should compel plaintiff to produce their tax returns. However, in that case, plaintiff had placed lost earnings in controversy with respect to his Americans

ORDER - 2

with Disabilities Act claim in which he specifically sought recovery of lost employment compensation, lost employment benefits, and emotional distress damages from defendant. *Id.* at 3. In this case, the plaintiff has abandoned her request for lost wages. Dkt. 38-1 at 1-2. Moreover, even if plaintiff sought the remedy of lost wages, there are other documents (such as the responses that plaintiff provided to defendant's interrogatory No. 16, Dkt. 37-1) that would provide the information defendant seeks.

Thus, for the foregoing reasons, defendant's motion to compel is DENIED.

Dated this 27th day of September, 2022.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 3